IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRUCE ERIC WILLIAMS,

                Plaintiff,                          ORDER

    v.

                                                      09-cv-280-slc

TEODORO ROMANA and
CHRISTINE SWANSON,

                Defendants.

---

In this case, plaintiff Bruce Williams contends that defendants Teodoro Romana and Christine Swanson[1] failed to provide adequate medical treatment for plaintiff's throat problems while he was in jail. Now before the court are defendants' motions for summary judgment. Because plaintiff has failed to submit evidence opposing defendants' version of the treatment he received, and because the undisputed facts show that plaintiff received adequate care for his throat problems, I will grant defendants' motions.

Since plaintiff has been released from custody, his participation in this case has been minimal. First, defendant Romana filed a motion for summary judgment, complete with proposed findings of fact and supporting affidavits and medical records. In response, plaintiff submitted a couple of letters and an unsigned "Response to Summary Judgment." In an order entered on December 2, 2009, I explained to plaintiff that his submissions did not comply with the court's summary judgment procedures, which he had received attached to the pretrial conference order, dkt. 23. I gave plaintiff until December 28, 2009 to file opposition materials that complied with the rules. Plaintiff did not file anything until January 19, 2010, at which time he sent in a couple of letters. In one of the letters, he mentions that he "asked for the rules

---

[1] Although plaintiff identified defendants as "Doctor Romana" and "Nurse Swanson," the summary judgment materials identify defendants' full names. I have amended the caption accordingly.

and procedures" from the Sauk County Jail but did not receive them. Dkt. 56. He does not attempt to explain his nearly one-month delay in sending in any materials.

Next, defendant Swanson filed a motion for summary judgment. Again, plaintiff's response was minimal. He filed an unsigned letter explaining that he is seeing a doctor and describing the amount of money he is requesting from defendants. He did not ask for an extension to prepare summary judgment materials and did not attempt to submit any evidence that would put defendants' evidence in dispute. In some of his unsigned letters, he attempts to dispute certain minor points, such as whether he gained weight because he was eating or because he was drinking water.

Because plaintiff has failed to comply with the rules and has not even attempted to submit any evidence, defendants' proposed findings of fact are undisputed. Thus, it is undisputed that defendant Swanson was not involved in the treatment for plaintiff's throat problems. Moreover, it is undisputed that defendant Romana gave plaintiff regular care for his throat problem. In particular:

- The first time Romana saw plaintiff, he performed a physical examination, and the results were negative. He prescribed Ramitidine because a nurse had assessed plaintiff with gastroesophageal reflux diesease.

- The second time Romana saw plaintiff, he noticed that plaintiff had no problems eating or swallowing food but was still complaining about his throat. He performed a physical exam that revealed cysts on the exterior of his neck but nothing internal. Romana discontinued Ramitidine and prescribed Reglan instead.

- The third time plaintiff was seen, Romana performed a rectal exam because plaintiff complained about blood on his underwear but the exam was negative. He also discontinued Reglan and started plaintiff on Bentyl because the heartburn symptoms continued.

- The fourth time, plaintiff complained that he was still having a sensation of something stuck in his throat but had no problem swallowing, eating or drinking. Romana suggested that plaintiff might benefit from endoscopy when released from jail, but did not believe that immediate or emergent endoscopy was medically indicated for plaintiff's symptoms and Romana's findings.

- Plaintiff continued to complain about a lump in his throat the fifth time Romana saw him, but once again had no pain on swallowing and no problem breathing and could eat and drink. He had not sustained weight loss, but had instead gained almost 20 pounds.

- Romana concluded that no further active medical treatment was indicated because it appeared that plaintiff suffered from what is called "globus hystericus," which is merely the sensation of a lump in the throat that individuals suffering from hysteria or other neuroses might experience.

This undisputed evidence establishes that defendant Swanson was not liable for any alleged problems with plaintiff's throat treatment. More importantly, it establishes that the doctor who was responsible adequately treated plaintiff. Because Romana was exercising his medical judgment to make decisions about plaintiff's treatment, plaintiff can show deliberate indifference only by showing that Romana's "medical treatment [was] so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes v. DeTella,* 95 F.3d 586, 592 (7th Cir. 1996) (internal quotations omitted). In other words, the treatment must have been so far afield of accepted professional standards as to imply that it was not actually based on a medical judgment. *Estate of Cole by Pardue v. Fromm,* 94 F.3d 254, 262 (7th Cir. 1996). There is simply no evidence that would allow a reasonable jury to infer that Romana's treatment was "blatantly inappropriate" or "so far afield" of standard care that it was not based on a medical judgment. Therefore, I will grant defendants' motions for summary judgment, dkts. 32 and 57.

ORDER

IT IS ORDERED that the motions for summary filed by defendants Teodoro Romana and Christine Swanson, dkts. 32 and 57, are GRANTED. The clerk of court is directed to enter judgment in favor of defendants and close the case.

Entered this 5th day of March, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge